UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREA C. BARLOW,<br>  Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br>  Defendant. | Case No. 2:20-cv-00049-DBP<br><br>MEMORANDUM DECISION &<br>ORDER<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Andrea C. Barlow (Plaintiff or Ms. Barlow) seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act) (ECF No. 21). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on December 3, 2020 (ECF No. 28; ECF No. 30), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, the Commissioner's decision is  AFFIRMED.[1]

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 13); *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

# I. LEGAL FRAMEWORK

## A. Statutory and Regulatory Background

To establish that she is disabled, the claimant must show that she was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 423(d)(5)(A), applicable to SSI cases through § 1382c(a)(3)(H)(i).

Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. 20 C.F.R. §§ 404.1527(d), 416.927(d). The federal regulations set forth a five-step sequential analysis that an ALJ must follow in determining the ultimate issue of disability. 20 C.F.R. §§ 404.1520, 416.920. A claimant bears the burden of proof at steps one through four, at which point the burden shifts to the Commissioner to demonstrate that there is other work in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a) (The claimant generally bears the ultimate burden of proving that she was disabled throughout the period for which benefits are sought); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## B. Standard of Review

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal

standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On judicial review, the agency's factual findings are "'conclusive' if supported by 'substantial evidence,'" an evidentiary threshold that "is not high." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153-54 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154 (internal quotation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Lax*, 489 F.3d at 1084 (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); *accord Biestek*, 139 S. Ct. at 1157 (where there are conflicts in the evidence, the Court defers to the presiding ALJ, "who has seen the hearing up close").

## II.   FACTUAL BACKGROUND

In July 2015 and December 2015, Ms. Barlow protectively filed applications for DIB and SSI, respectively (Tr. 243, 252). She alleged disability since early 1996 due to autism, a learning disability, lack of fine motor skills, a history of seizures, and anxiety (Tr. 12, 243, 252, 294). Ms. Barlow was 18 years old on the earliest date she could be eligible for DIB, and was 19 years old on the earliest date she could be eligible for SSI (Tr. 290).[2] Ms. Barlow graduated from high school (Tr. 283-89, 295), but has no substantive work history (Tr. 43, 274-81). Although she had

---

[2] *See* 20 C.F.R. §§ 404.315(a)(4) (no matter how long an individual has been disabled, after a required five-month waiting period beginning no earlier than 17 months before the application is filed, a disabled individual may begin to receive benefits); 416.335 (SSI is not payable before the month following the month in which the application was filed).

not obtained insured status—a status earned through gainful work activity that is required for DIB eligibility, 20 C.F.R. §§ 404.131(a), 404.320(b)(2)—based on her own earnings, she applied for DIB through the Act's child insurance benefits (CIB) provisions—which allow individuals up to age 25 to apply for DIB using a parent's insured status—based on her father's earnings records (Tr. 257-73). 42 U.S.C. § 402(d)(1)(A)-(C) (discussing eligibility for CIB); *see also* 20 C.F.R. § 404.350(a) (also discussing eligibility for CIB); SSR 11-2p, 2011 WL 4055665 (evaluation of disability in young adults ages 18 to 25).

After initial agency proceedings, an administrative law judge (ALJ) held an October 2018 administrative hearing, at which Ms. Barlow, her attorney, and a vocational expert appeared (Tr. 37-68). Ms. Barlow testified that she spent time volunteering at an elementary school as a kindergarten and first grade classroom assistant (Tr. 45-47). She said that she had seizures every week, which involved "staring blank[ly]" and losing track of time (Tr. 53-54). However, Ms. Appleton—Ms. Barlow 's sister and guardian—testified that she had not observed Ms. Barlow having a seizure within the prior six months (Tr. 55-57).

On December 26, 2018, the ALJ issued a Decision (Tr. 12-25). In it, the ALJ applied the five-step sequential evaluation for determining disability in adults (Tr. 14-25). 20 C.F.R. §§ 404.1520, 416.920. At step two, the ALJ found that Ms. Barlow had severe mental impairments—an autism-spectrum disorder and a learning disorder—but her seizure disorder and depression/anxiety did not significantly limit her ability to perform basic work activities (Tr. 15). In the residual functional capacity (RFC) assessment, the ALJ found that Ms. Barlow could perform a full range of work at all exertional levels, but required additional mental work-related

limitations, including general education development (GED)[3] and public contact limitations (Tr. 17). At step five—relying on vocational expert testimony—the ALJ found that Ms. Barlow was not disabled within the meaning of the Act because, even with the above-described RFC limitations, she could perform jobs existing in significant numbers in the national economy, including those within the plastics medical assembler, small products assembler, and laundry folder occupations (Tr. 24-25, 65-67). The ALJ's December 2018 ruling became the final Decision for judicial review when the Appeals Council denied Ms. Barlow 's request for review (Tr. 1-5). 20 C.F.R. §§ 404.981, 416.1481. This appeal followed.

### III.  ANALYSIS

Ms. Barlow argues that: (1) the ALJ erred at step two in finding that her seizure disorder was not a "severe" impairment; and, (2) even if the ALJ found that the evidence did not establish disability for the entire period at issue in this case, he should have found that the evidence established disability for a "closed period," beginning in December 2015 and lasting until at least December 2016.[4] As explained below, the Court finds substantial evidence supports the ALJ's finding that Ms. Barlow 's seizure disorder was not a severe impairment on or before December 26, 2018, the date of the ALJ's decision.

---

[3] GED—divided into the three categories of reasoning, math, and language development—describes the type of general knowledge or background needed to perform a job. *Dictionary of Occupational Titles* (*DOT*), Appendix C – Definition Trailer, 1991 WL 688702.

[4] In her opening brief, Ms. Barlow also argued that she met either Listing 11.02B or Listing 11.02D. However, at oral argument, Ms. Barlow's attorney conceded that the evidence was insufficient to show that she met each of the requirements of those listings. Hence, the Court will not address that argument further in this Order.

A severe impairment is a medical condition that meets three criteria: (1) it is assessed by an acceptable medical source (the "medically-determinable impairment requirement"); (2) it causes a significant limitation in the ability to perform basic work activities[5] (the "severity requirement"); (3) its limitations last (or can be expected to last) at least 12 continuous months or are expected to result in death (the "duration requirement"). 20 C.F.R. §§ 404.1509, 416.909 (duration requirement); *id*. §§ 404.1521, 416.921 (medically-determinable requirement); *id*. §§ 404.1522, 416.922 (severity requirement). Here, the ALJ found that the record did not support a finding that Ms. Barlow's seizure disorder was severe (Tr. 15). Substantial evidence—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek*, 139 S. Ct. at 1154—supports that finding.

Although Ms. Barlow had a long history of partial seizures, they had gone into remission at some point before the period relevant to this case (Tr. 413). In December 2015, she saw a neurologist with concerns that recently-developed symptoms were seizure activity: she complained of episodes where she lost focus on and forgot what she had been doing, and Ms. Appleton described seeing a strange look come over Ms. Barlow's face—like she was deep in thought—for a few seconds (Tr. 53-54, 413-14, 914-15). Testing administered between January and February 2016 failed to capture any seizure activity (Tr. 532-42). Between March

---

[5] The regulations define "basic work activities." They include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1522(b)(1)-(2), 416.922(b)(1)-(2). They also include mental functions such as understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *Id*. §§ 404.1522(b)(3)-(6), 416.922(b)(3)-(6).

2016 and March 2017, Ms. Barlow's neurologist prescribed and adjusted the doses of seizure medications to ameliorate her symptoms (Tr. 529-31, 731-35, 914-15). Over the course of that period, with treatment, the frequency of Ms. Barlow's symptoms decreased from two or three times per week to less than once per week (Tr. 914-15). At the October 2018 administrative hearing, Ms. Appleton testified that she had not observed Ms. Barlow having a seizure within the prior six months (Tr. 55-57). Also, Ms. Barlow spent time volunteering at an elementary school as a kindergarten and first grade classroom assistant throughout the relevant period, and testified that she did not have any difficulty with the work she was asked to perform and never had to turn down any of the tasks the teachers asked her to complete as part of that volunteer work (Tr. 45-47 (October 2018 testimony), 413 (December 2015 treatment note)).

The evidence found in the record is sufficient to allow the ALJ to assess the severity of Ms. Barlow's partial seizure impairment. *See* 20 C.F.R. §§ 404.1520b(a)-(b), 416.920b(a)-(b) (if the ALJ can determine whether a claimant is disabled based on the evidence found in the record, he will make a decision based on that evidence). And, given evidence that Ms. Barlow's seizure-like symptoms were short in duration and occurred relatively infrequently, particularly after medication adjustment, a reasonable mind could come to the conclusion that Ms. Barlow's partial seizure disorder was not a severe impairment. *Biestek*, 139 S. Ct. at 1154 ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations.").

That same evidence also supports the ALJ's finding that Ms. Barlow was not disabled for at least 12 continuous months during the relevant period. An impairment must preclude performing substantial gainful activity for at least 12 continuous months to be disabling.

*Barnhart v. Walton*, 535 U.S. 212, 219, 221-22 (2002) (recognizing a claimant is not disabled if "'within 12 months after the onset of an impairment . . . the impairment no longer prevents substantial gainful activity,'" and noting that the 12-month duration requirement requires "that both [the] 'impairment' and [the] 'inability' to work" must "last for a continuous period of not less than 12 months") (quoting 65 Fed. Reg. 42774 (2000)). In his RFC finding, the ALJ found that Ms. Barlow's symptoms from all of her impairments—in combination—would not cause significant physical limitations, but would cause mental (GED (reasoning, math, and language) and public contact) limitations (Tr. 17). A vocational expert testified that a person with those limitations could perform jobs in the national economy that the ALJ found to be significant (Tr. 24-25, 65-67).

Thus, because substantial evidence—a threshold that "is not high"—supports those findings, the Court will not disturb them. *Biestek*, 139 S. Ct. at 1153-54, 1157 (the agency's factual findings are "'conclusive' if supported by 'substantial evidence,'" and as for resolving evidentiary conflicts, the Court defers to the presiding ALJ, "who has seen the hearing up close"); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)).

## IV. CONCLUSION

The ALJ's Decision is supported by substantial evidence and free of harmful legal error. Accordingly, the ALJ's Decision is AFFIRMED and judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 18th day of December 2020.

_____
DUSTIN B. PEAD
United States Magistrate Judge